# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS AND MACON DIVISIONS

| | |
|---|---|
| Z.M., | : |
| Petitioner, | : Case No. 4:25-cv-98-CDL-AGH |
| | : 28 U.S.C. § 2241 |
| v. | : |
| | : Case No. 5:25-cv-197-CAR-AGH |
| | : 28 U.S.C. § 2241 |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | : |
| Respondents. | : |

## **ORDER**

On May 13, 2025, the Court received Petitioner's application for habeas corpus relief in case number 5:25-cv-197-CAR-AGH, ECF No 1. However, Petitioner previously filed an application for habeas relief in case number 4:25-cv-98-CDL-AGH (M.D. Ga. filed Mar. 19, 2025), ECF No. 1, and that case also remains pending before this Court. Although the named respondents are not identical, the requested relief—release from the custody of United States Immigration and Customs Enforcement ("ICE")—is the same in both cases.

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[1] Fed. R. Civ. P.

---

[1] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

42(a). A district court's decision whether to consolidate [under Rule 42(a)] is 'purely discretionary.'" *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Exercising this "considerable" discretion requires weighing the risk of prejudice and confusion that could be caused by consolidation against considerations of judicial economy and the prejudice that duplicative litigation may cause, among other considerations. *Id.* (quoting *Hendrix*, 776 F.2d at 1495).

Here, consolidation of Petitioner's cases will conserve judicial resources and permit the efficient resolution of Petitioner's claims. It is therefore **ORDERED** that cases 4:25-cv-98-CDL-AGH and 5:25-cv-197-CAR-AGH, be **CONSOLIDATED** and that case 5:25-cv-197-CAR-AGH be **ADMINISTRATIVELY CLOSED**.

In addition, the Court notes that Petitioner has not paid the filing fee in either case. Upon receipt of his petition in case number 4:25-cv-98-CDL-AGH, the Clerk of Court issued a notice of deficiency, notifying Petitioner that within twenty-one (21) days he must either pay the filing fee or submit a motion to proceed *in forma pauperis* ("IFP"). Notice of Deficiency, Mar. 19, 2025. Petitioner failed to respond, and as of the date of this Order, he has not paid the filing fee or submitted a motion to proceed IFP. Consequently, Petitioner is **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed for failure to comply with the Clerk's notice of deficiency. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to respond. Failure to respond will likely result in the dismissal of this action

for failure to comply.[2]

**SO ORDERED**, this 16th day of May, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[2] According to the petition filed in case number 5:25-cv-197-CAR-AGH, Petitioner is now detained at the Folkston ICE Processing Center in Folkston, Georgia. This facility is located in the jurisdiction of the United States District Court for the Southern District of Georgia, Waycross Division. *See* 28 U.S.C. § 90(c)(4). It may be that in lieu of paying the filing fee in this case, Petitioner may wish to voluntarily dismiss this petition and file a new petition in the Southern District of Georgia. The Clerk is **DIRECTED** to mail this Order to Petitioner's address at Folkston ICE Processing Center.